UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-0003-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| RODERICK DEWAINE HOGAN | MAGISTRATE JUDGE HORNSBY |

_____

**MEMORANDUM ORDER**

Before the Court is a Motion to Withdraw Guilty Plea filed by the defendant, Roderick Dewaine Hogan ("Hogan"). See Record Document 431. The Government has opposed the motion. See Record Document 433.

A defendant does not have an absolute right to withdraw his guilty plea. See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). When a defendant requests to withdraw his plea before sentencing, he must show "a fair and just reason" for his request. Fed. R. Cr. P. 11(d)(2)(B); Powell, 354 F.3d at 370. To determine whether a fair and just reason has been shown, the Court must consider the factors set forth in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). These factors include whether: (1) the defendant has asserted his innocence, (2) the Government would be prejudiced, (3) the defendant delayed in requesting the withdrawal, (4) the Court would be substantially inconvenienced, (5) the close assistance of counsel was available, (6) the plea was knowing and voluntary, (7) the withdrawal would waste judicial resources and, "as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion." Id. If, after applying these factors, the defendant has alleged facts that would justify relief, this Court must hold an evidentiary hearing on the matter. See Powell, 354 F.3d at 370.

In the instant matter, on October 22, 2019, Hogan entered a voluntary and knowing guilty plea to Count 1 of the Superseding Indictment, charging him with conspiring with others to possess with intent to distribute 50 grams or more of methamphetamine. See Record Documents 286 and 430. At the plea hearing, this Court discussed the plea agreement, the elements of each offense, the burden of proof, and the consequences of pleading guilty. See id. Hogan stated, under oath, that he understood the charges and the consequences of pleading guilty, that he was not coerced into pleading guilty, and that he was satisfied with his representation, in accordance with Federal Rule of Criminal Procedure 11. See id.

Over eleven months later, on October 1, 2020, the defendant filed the instant motion to withdraw his plea, alleging that his counsel had a conflict of interest that impacted his representation, and that his Sixth Amendment rights were violated when his counsel did not advise him that he would not receive a one-point offense level reduction, falsely advised him that he would receive a five-year sentence, and misled him into believing he was pleading guilty to charges relating solely to some undercover buys. See Record Document 431. Hogan made none of these arguments prior to the filing of this motion.

Hogan has produced no evidence that his counsel had a conflict of interest, that his Sixth Amendment rights were violated, or that he was coerced into pleading guilty. This Court provided Hogan with an opportunity during the plea colloquy to inform the Court if he had been threatened or forced to plead guilty. Hogan replied, "No, sir." Record Document 430 at 7. The Court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. See United States v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995). Furthermore, the Fifth Circuit has clearly provided that the rule allowing withdrawal of a guilty plea "was not intended to allow a defendant to withdraw his guilty plea simply because he has

changed his mind after further reflection." United States v. Daniel, 866 F.2d 749, 752 (5th Cir. 1989). Based on the totality of the Carr factors as briefed by both Hogan and the Government and reviewed by this Court, Hogan has not met his burden of establishing a fair and just reason to justify withdrawal of the plea.

Accordingly, Hogan's request for a hearing on the motion to withdraw his plea is **DENIED**, and, having considered the motion,

**IT IS ORDERED** that the Motion to Withdraw the Guilty Plea is **DENIED**. Sentencing will proceed as scheduled.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 20th day of October, 2020.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE