UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-0003-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| RODERICK DEWAINE HOGAN | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM RULING

Before the Court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Roderick Dewaine Hogan ("Hogan"). See Record Document 615. The United States of America ("the Government") filed an opposition, and Hogan filed a supplemental memorandum in support. See Record Documents 617 and 631. For the reasons stated below, Hogan's motion (Record Document 615) is **DENIED**.

## BACKGROUND

In February 2018, the Shreveport Resident Office of the Drug Enforcement Administration ("DEA SRO") opened an investigation into a poly-drug distribution organization. See Record Document 1-1 at 1. This investigation indicated Hogan conspired with other persons to distribute and to possess with the intent to distribute methamphetamine, a Schedule II controlled substance. See Record Document 288-2 at 1. On July 17, 2019, the grand jury returned a second superseding indictment charging Hogan *inter alia* with Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii) ("Count One"). See Record Document 156. On October 22, 2019, Hogan entered a guilty plea to Count One. See Record Documents 286 and 288. Approximately a year later, Hogan moved to withdraw his guilty plea. See Record Documents 431. The Court denied the motion. See Record Document 434.

On April 15, 2021, Hogan was sentenced to 200 months imprisonment followed by five years of supervised release as to Count One.[1] See Record Document 487. Hogan subsequently appealed his conviction and sentence, urging, for the first time, that the Court erroneously calculated his criminal history score. See Record Documents 489 and 584 at 1-2. The United States Court of Appeals for the Fifth Circuit affirmed the judgment. See Record Document 584.

On April 10, 2023, Hogan moved to reduce and/or vacate his sentence.[2] See Record Documents 615 and 631. Hogan bases his challenge on his purported innocence and the alleged ineffective assistance of both his trial counsel, J. Ransdell Keene[3] ("Keene"), and appellate counsel, Elizabeth Dougherty ("Dougherty"). See Record Documents 615-1 and 631. In response, the Government contends Hogan's claims are non-meritorious and lack evidentiary support. See Record Document 617.

## LAW AND ANALYSIS

**A. Section 2255 Standard.**

Section 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §

---

[1] On April 15, 2024, the Court reduced Hogan's original sentence from 200 months to 160 months based on a retroactive change to the sentencing guidelines. See Record Document 634.

[2] Hogan's request for an evidentiary hearing is denied. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A court may deny a Section 2255 motion without an evidentiary hearing if "(1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as matter of law, even if his factual assertions were true." United States v. Harrison, 910 F.3d 824, 826-27 (5th Cir. 2018), as revised (Dec. 19, 2018). For the reasons discussed below, Hogan's claims are clearly frivolous and/or based upon unsupported generalizations. Even if this Court were to assume Hogan's factual assertions were true, his claims still would not entitle him to relief.

[3] On March 3, 2020, the Court granted Keene's motion to withdraw and appointed Stephen Glassell ("Glassell"). Glassell withdrew from the case, and Elizabeth Dougherty was appointed as counsel. See Record Documents 490, 493, and 494.

2255(a). The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003); see also United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

**B. Procedural Bar.**

"Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994)). After a defendant is convicted and exhausts the right to appeal, a court is "'entitled to presume that [the defendant] stands fairly and finally convicted.'" United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1593 (1982)) (changes original). The Court may only consider procedurally barred claims if the movant demonstrates cause for his failure to raise the claims on appeal and actual prejudice resulting from the alleged errors. See United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Here, Hogan proffered four grounds for vacating his sentence. One ground is his purported "actual innocence." The actual innocence exception permits Section 2255 petitioners to proceed with procedurally barred claims. See McQuiggin v. Perkins, 569 U.S. 383, 392, 133 S. Ct. 1924,

3

1932 (2013). It applies where a defendant shows that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 868 (1995). Importantly, this exception does not offer defendants "a free-standing ground for relief." United States v. Scruggs, 691 F.3d 660, 671 (5th Cir. 2012). Because "actual innocence" serves only as a procedural gateway, this ground does not present a meritorious claim for habeas corpus relief under Section 2255.[4]

Hogan's remaining three grounds allege ineffective assistance of counsel. Defendants challenging the performance of their attorneys may bring those challenges under Section 2255 without overcoming the procedural bar. See Massaro v. United States, 538 U.S. 500, 508-09, 123 S. Ct. 1690, 1696 (2003). Therefore, Hogan does not need to overcome the procedural bar for these claims.

C.  **Ineffective Assistance of Counsel Claims.**

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). The defendant must demonstrate his "counsel's performance was deficient" and "the deficient performance prejudiced the defense." Id. at 687, 104 S. Ct. at 2064. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).

---

[4] Even if this exception provides an independent ground for relief, Hogan has not met his burden. Hogan failed to proffer any evidence, other than his unsupported assertions, to support his claim. Further, Hogan pled guilty to Count One. See Record Document 429 at 9. The Court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. See United States v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995). Therefore, Hogan's contradictory, unsupported statement does not establish his "actual innocence."

4

When determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. State of La., 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)). If a tactical decision is "conscious and informed … [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Crane v. Johnson, 178 F.3d 309, 314 (5th Cir. 1999).

To meet the second prong of Strickland, the defendant must show counsel's deficient performance resulted in actual prejudice to the defendant.[5] Thus, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Moreover, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998).

1. **Ineffective Assistance of Appellate Counsel.**

Hogan claims his appellate counsel was ineffective because she failed to appeal the denial of Hogan's *pro se* motion to withdraw his guilty plea. See Record Document 615-1 at 10. In this

---

[5] Hogan asserts he does not need to demonstrate prejudice because his attorney had a conflict of interest. See Record Document 615-1 at 13. Hogan relies on United States v. Cronic, 466 U.S. 648, 104 S. Ct. 2039 (1984) and Cuyler v. Sullivan, 446 U.S. 335, 100 S. Ct. 1708 (1980). In Cronic, the Supreme Court held prejudice may be presumed if a defendant is denied of counsel at a "critical stage of his trial" or "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." Cronic, 466 U.S. at 659, 104 S. Ct. at 2047. Hogan's evidence does not support application of this standard. Nor does the Cuyler standard apply. The Fifth Circuit held "Strickland offers a superior framework for addressing attorney conflicts outside the multiple or serial client context." Beets v. Scott, 65 F.3d 1258, 1265 (5th Cir. 1995). Thus, the Court will apply Strickland.

context, Strickland requires the defendant to show 1) defendant's counsel "was objectively unreasonable … in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" and 2) "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." Smith v. Robins, 528 U.S. 259, 285, 120 S. Ct. 746, 764 (2000). Hogan cannot satisfy either Strickland prong for this claim.

Hogan has not shown Dougherty "unreasonably failed to discover nonfrivolous issues" and brief them on appeal. Id. Hogan's motion to withdraw a guilty plea was frivolous and non-meritorious. Not only did this motion to withdraw a guilty plea fail to proffer sufficient evidence demonstrating Keene's counsel was ineffective before, during, and after the guilty plea proceedings,[6] but it also did not satisfy the factors enunciated in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). See Record Document 434. Based on this factual record, it cannot be said Dougherty unreasonably failed to investigate and brief a nonfrivolous issue. Even assuming *arguendo* that Dougherty's conduct was objectively unreasonable, Hogan failed to demonstrate prejudice. This Court considered Hogan's motion to withdraw his guilty plea and found that the reasons stated therein did not entitle him to relief.  See id. Had Dougherty filed a merits brief on the denial of Hogan's motion to withdraw his guilty plea, the result of the appeal would remain the same. Accordingly, Hogan's ineffective assistance of appellate counsel claim lacks merit.

---

[6] The Court will discuss Hogan's evidence more extensively when analyzing the ineffective assistance of counsel claims against Keene below.

## 2. Ineffective Assistance of Trial Counsel Regarding Suppression Issues.

Hogan additionally alleges Keene provided ineffective assistance of counsel through his handling of certain "suppression issues." See Record Document 631 at 10-11. Hogan cannot satisfy either Strickland prong for this claim.

Keene's actions are not objectively unreasonable under the circumstances. Hogan argues his counsel failed to (1) investigate the underlying facts of the motions to suppress (Record Documents 166, 191, and 199), (2) hire experts to prove the authenticity of the intercepts and signatures, and (3) depose a case agent regarding noncompliance with minimization protocols. See Record Document 631 at 10. However, Keene's actions are strongly presumed to be within the range of reasonable assistance, and his conduct here could easily be considered sound trial strategy. Adopting a motion to suppress rather than investigating and drafting a motion to suppress the same evidence would save time and resources Keene could spend elsewhere. Further, the record strongly suggests Keene's decision to adopt the motion was conscious and informed. Keene reviewed the wiretaps and "thousands of pages of print." Record Document 615-2 at 51-52. Keene also filed the motion to adopt the pending motions to suppress "[i]n order to reduce repetitive pleadings … and at the request of Defendant." Record Document 214 at 1. Hogan has not shown this decision "permeate[d] the entire trial with obvious unfairness." Crane v. Johnson, 178 F.3d 309, 314 (5th Cir. 1999). Quite simply, Hogan has not demonstrated Keene's actions were objectively unreasonable.

Even assuming *arguendo* that Keene should have independently investigated the wiretaps, Hogan cannot demonstrate prejudice because his alleged errors are without merit. Hogan first claims an independent investigation would have established that the two November 2, 2018, authorization memorandums were not signed at the same time. See Record Document 631 at 11-

7

12. Hogan bases this claim on discrepancies in the signatures[7] and the late production of an exhibit. However, neither establishes nor even suggests the Government forged exhibits. Hogan next claims an independent investigation would have established that the Government produced a forged certification of lawfully authorized surveillance. See id. at 13. Hogan seemingly claims this forgery prevented the Government from obtaining pre-approval for an application to intercept electronic communications. See id. The Court finds this contention without merit. Although the proffered document contains a discrepancy, that document was not used to obtain pre-approval for wiretaps and instead outlines compliance with various court orders.[8] See Record Document 631-1 at 13-14. Hogan has not pointed to any satisfactory evidence demonstrating that the Government failed to obtain pre-approval.

Hogan next claims the Government failed to comply with minimization requirements because agents "were just basically eavesdropping." Record Document 631 at 14-15. However, Hogan mischaracterizes the trial testimony of Caddo Parish Deputy Robert Chapman ("Chapman"). Nothing in Chapman's testimony indicates the Government failed to comply with minimization requirements. See e.g. Record Document 631-1 at 52-53, 59-61. Finally, Hogan claims the wiretaps were not first heard, read, or minimized in the Western District of Louisiana. See Record Document 631 at 15-20. This Court has already found the wiretaps were first heard,

---

[7] Hogan's argument on this point is contradictory as he simultaneously seems to argue the signatures contain "distinguishable variances" but are also "rubber stamps" and "copy and paste jobs." Record Document 631 at 12.
[8] Interestingly, Hogan seems to rely on this allegedly forged document to support his contention that "the JSI Voicebox is located in the Eastern District of Louisiana." Record Document 631 at 15-16.

read, and/or minimized in the Western District of Louisiana (Record Documents 233-236), and Hogan's proffered evidence does not change those conclusions.[9]

In sum, Hogan's contentions regarding the alleged "suppression issues" do not have merit. Even if these issues had been briefed and considered by the Court at the time of its initial ruling, these allegations would have in no way changed the Court's previous rulings denying the motions to suppress. See Record Documents 233-236. Because the outcome would be the same, Hogan cannot demonstrate prejudice.

Hogan next asserts his counsel failed to secure a conditional plea pursuant to Federal Rule of Criminal Procedure 11(a)(2). See Record Document 615 at 5. A conditional plea requires both the consent of the Court and the Government. See Fed. R. Crim. P. 11(a)(2). Hogan has not shown either entity would have been amenable to such a plea. Thus, his unsupported contention that it was unreasonable for Keene to fail to preserve the issue in this manner is wholly without merit. Further, even assuming the factual record favors Hogan's contention, Keene's failure to secure this type of plea was not objectively unreasonable. Keene secured a plea offer that was favorable to Hogan. Keene's actions are not unreasonable merely because a theoretical plea offer would have been more amenable to Hogan. For similar reasons, Hogan cannot demonstrate prejudice. Even assuming Hogan had been able to enter into this type of plea agreement, the adopted motion to suppress had no merit and was frivolous. Hogan has not shown an appeal based on that motion

---

[9] Once again, Hogan mischaracterizes the factual record and Chapman's testimony. Chapman testified that agents were surveilling a neighborhood where they believed Marvin Beck ("Beck") lived. See Record Document 631-1 at 89-90. These agents learned Beck "slipped through … surveillance … and was possibly on his way back." Id. This testimony does not conflict with the agent's investigative report indicating that agents established surveillance on and around Joannes Street and terminated surveillance of the area after learning Beck was returning to Bossier City, Louisiana. See id. at 295-297.

would have been successful. Accordingly, Hogan's ineffective assistance of counsel claim regarding the suppression issues lacks merit.

### 3. Ineffective Assistance of Trial Counsel Regarding Guilty Plea Proceedings.

Finally, Hogan asserts an ineffective assistance of counsel claim based on Keene's conduct before, during, and after the guilty plea proceedings. See Record Document 631 at 4-8. This claim has four main contentions. First, Hogan alleges that Keene's alleged miscommunication of the plea offer induced him to accept the guilty plea. See Record Document 631 at 4-5. Second, Hogan claims Keene failed to negotiate a plea agreement for a specific sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). See Record Document 631 at 5-6. Third, Hogan asserts Keene had a conflict of interest with the Government. See Record Document 615-1 at 11-16. Fourth, Hogan claims Keene made him meet with a probation officer alone and failed to respond to the presentence report ("PSR"). See Record Document 631 at 7.

### i. Alleged Miscommunication of Plea Offer.

Hogan identifies two primary issues regarding Keene's communication of the offer to him: Keene promised him a five-year sentence and Keene did not inform Hogan about the steps he would need to take to secure that sentence.[10] See Record Document 631 at 4-5. However, the factual record before the Court does not support either claim. The signed plea agreement sets forth that no other promise has been made and further informs Hogan how his cooperation with the Government can result in a lower sentence.[11] See Record Documents 288 and 289. Similarly,

---

[10] Notably, this Court already considered and rejected Hogan's contention that Keene informed him that he would receive a five-year sentence. See Record Document 434.

[11] Hogan seemingly argues the Government changed the plea agreement and removed the portion that would allow him to receive a one-point reduction. This statement is not supported by the record. The only plea agreement on record (and the one explained to Hogan in open court) is the one Hogan signed. See Record Documents 288 and 289.

Hogan's "smoking gun" evidence also contradicts his claims. A letter from Keene submitted by Hogan as an exhibit informs Hogan that cooperating with the Government can result in a lower sentence. See Record Document 615-2 at 49. The letter unequivocally does not allude to any promise of a lower sentence. Additionally, Hogan testified under oath that no other promise had been made to him.[12] See Record Document 429 at 9. Finally, the Court told Hogan that the Government may move for a downward departure should he decide to cooperate. Id. at 8. This record does not support Hogan's claim that Keene miscommunicated the plea offer. An unsupported generalization cannot support a claim for relief.[13]

Even assuming Keene miscommunicated the guilty plea offer, Hogan failed to demonstrate prejudice. Where a defendant claims his counsel's advice led him to accept a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Here, the factual record indicates Hogan was fully aware of the substance of the plea offer. He signed the plea offer, and this plea offer outlined the process he needed to undertake to receive a lower sentence. See Record Document 289. Having read the substance of this plea offer and having been informed directly by the Court that neither Keene nor the Government could promise him a sentence, Hogan still entered his guilty plea. See Record Document 429 at 6-7. Further, the record indicates Hogan chose to plead after the Government

---

[12] Hogan's statement that Keene instructed him to agree to everything the Court said holds little weight with this Court, and the Court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. See Martinez-Molina, 64 F.3d at 733.

[13] It cannot be overstated that Hogan's own actions, and not the actions of his attorney, likely resulted in him getting a higher sentence than expected. Even after being informed by his attorney that cooperation could result in a downward departure, Hogan refused to cooperate. Additionally, Hogan refused to admit his involvement in the offense during his meeting with the probation officer and contradicted the factual basis to which he pled guilty. This decision resulted in losing a point for acceptance of responsibility.

showed him compromising evidence. See Record Document 615-2 at 52. This decision occurred before Keene allegedly miscommunicated the plea offer. Therefore, it cannot be said that had Keene not miscommunicated the plea offer, Hogan would have gone to trial. Accordingly, Hogan's ineffective assistance of counsel claim based on Keene's alleged miscommunication of the plea offer is without merit.

### ii. Federal Rule of Criminal Procedure 11(c)(1)(C) Plea Offer.

Hogan next claims Keene failed to secure a Federal Rule of Criminal Procedure 11(c)(1)(C) plea offer. Parties are not required to enter into this type of agreement, and nothing in the factual record indicates this type of plea agreement would have been agreed to by the Government or accepted by this Court. For similar reasons, Hogan cannot satisfy the Strickland standard. Keene did not act objectively unreasonably when he failed to secure a specific type of plea offer. Pursuing a different agreement that was also favorable to his client falls well within the bounds of sound trial strategy. Further, Hogan cannot show prejudice. Simply because he is amenable to this plea offer does not mean the Government and this Court would have been. Therefore, nothing indicates the outcome of the proceeding would have been different. Accordingly, Hogan's ineffective assistance of counsel claim based on the failure to secure a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement lacks merit.

### iii. Conflict of Interest.

Hogan also complained that Keene had an alleged conflict of interest with the Government.[14] Keene did not jointly represent both Hogan and the Government, and no evidence suggests Keene collaborated with the Government. Hogan's "evidence" of the conflict is that

---

[14] Again, this Court already considered and rejected Hogan's contention that Keene had a conflict of interest. See Record Document 434.

12

Keene encouraged him to plead guilty, encouraged him to cooperate with the Government, contacted a Government drug task force agent prior to Hogan self-reporting to jail, and complied with the Government's request to not provide Hogan with unredacted statements. See Record Document 615-1 at 3-4, 11, 14. However, all these actions are wholly consistent with sound trial strategy and are steps a reasonable attorney would have taken in the representation of a client. Keene attempted to advise his client on the different options available to him, told Hogan how he may lessen his sentence, and spoke with a government agent after he had been retained by Hogan. Further, Keene, as a seasoned attorney, could review the unredacted statements and discuss the effects of that evidence without directly showing it to Hogan. Because no evidence supports this claim, it is wholly without merit and does not support Hogan's request for relief.

      **iv.**      **Probation Officer and Presentence Report.**

Finally, Hogan asserts that Keene's failure to attend a meeting with Hogan and his probation officer and his failure to file any response, objection, or opposition to Hogan's PSR constitutes ineffective assistance of counsel. See Record Document 631 at 7. First, Hogan submitted a letter from Keene indicating that Hogan told him to leave when he arrived for the PSR interview with the probation officer. See Record Document 615-2 at 2. Hogan does not dispute this statement. Keene cannot be said to have acted objectively unreasonably by complying with his client's commands. Finally, Keene filed a motion to withdraw as counsel on March 2, 2020, and the Court granted this motion on March 3, 2020. See Record Documents 335 and 337. Glassell was appointed as Hogan's attorney on March 5, 2020. See Record Document 338. The PSR was filed on March 31, 2020. At that time, Glassell, not Keene, had an obligation to respond to the

PSR.[15] Keene was not Hogan's counsel during this time, so he cannot be said to have acted objectively unreasonably by not responding to the PSR. Accordingly, this claim of ineffective assistance of counsel is also without merit.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Roderick Dewaine Hogan's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 615) is **DENIED**.

An order consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of October, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[15] Even assuming Hogan meant to assert an ineffective assistance of counsel claim against Glassell, this claim also fails. Hogan has not demonstrated that any objection or response would have had merit. Glassell cannot be said to have acted objectively unreasonably by failing to object or respond to a PSR where that response or objection was not necessary.